FILED

APR 6  11 27 AM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LOLITA PRIDGEON,

    Plaintiff,

VS.

AMERICAN AIRLINES, INC.

    Defendant.

Docket No.

3:02 CV 1032 GLG

**AFFIDAVIT**

STATE OF NEW YORK   )
                                ) ss:
COUNTY OF NEW YORK )

    Michael J. Holland, being first duly sworn, deposes and says:

    1.    I am a partner of the Firm of Condon & Forsyth LLP, one of the attorneys for defendant American Airlines, Inc. in the above matter. I have participated actively in the defense of this case since the end of 2002 and I am fully familiar with the facts and circumstances of this case.

    2.    I submit this affidavit in support of the motion of defendant American Airlines, Inc. for summary judgment pursuant to Rule 56 of the Federal Rules of Civil

Procedure on the ground that the plaintiff has not sustained a bodily injury as the result of an "accident", as that term is defined in Article 17 of a treaty of United States known as Warsaw Convention. The plaintiff's sustaining of an "accident" is a pre-requisite for liability under the Warsaw Convention, which exclusively governs the rights of plaintiff Lolita Pridgeon against American Airlines.

3. I respectfully submit this affidavit to highlight for the Court the other declarations and affidavits submitted in connection with this motion. The declarations are from (1) Matrix de Vries of Marfo International Foods, Inc., one of the suppliers of frozen chickens to American Airlines; and (2) Laurent Faye, the Financial Controller for Gate Gourmet (France), who was the caterer for the food aboard American Airlines Flight No. 121 on June 13, 2000. The affidavits were executed by: (1) Dale Norgard of American Airlines, Inc., who confirms that American Airlines received no other complaints of food poisoning with respect to any chicken meal served aboard its daily flights from Paris, France to United States destinations during the entire month of June, 2000; (2) Dr. Jerome M. Block, a neurologist; and (3) Dr. Kevin M. Cahill, an infectious and parasitic disease specialist. Doctors Block and Cahill confirm, based on their review of the plaintiff's medical records and other materials listed in their reports, that there was no causal connection shown between any alleged tainted food served to plaintiff aboard the flight and her resulting Guillain-Barre Syndrome.

4. The pleadings attached to this affidavit include the Complaint (Exhibit "A" hereto), the Amended Complaint (Exhibit "B" hereto), the Answer to the Amended

Complaint dated September 16, 2002 (Exhibit "C" hereto) and the transcript of the deposition of plaintiff Lolita Pridgeon, which deposition was conducted on December 8, 2003 (Exhibit "D" hereto).

5. The parties agreed to a Fourth Amended Scheduling Order, so ordered by the Court on February 25, 2004, which provided in pertinent part at paragraph 7 as follows:

> Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) by February 29, 2004. Depositions of any such experts will be completed by May 15, 2004.

A copy of the Amended Scheduling Order is annexed hereto as Exhibit "E".

6. Plaintiff has never furnished to defendant any expert reports as required by paragraph 7 of the Fourth Amended Scheduling Order. Accordingly, plaintiff should be estopped from submitting any expert reports in opposition to this motion for summary judgment.

7. At the direction of the Court, a settlement conference in this matter was held before the Honorable William I. Garfinkel, United States Magistrate Judge, on March 15, 2004. In accordance with the directions of Magistrate Judge Garfinkel, American Airlines brought to the conference from London, England its insurance representative, Mr. Roger Bowes of the Ace Syndicate. Plaintiff did not produce at the settlement conference any expert reports as required by paragraph 7 of the Fourth Amended Scheduling Order.

8. At the suggestion of Magistrate Judge Garfinkel, I wrote to plaintiff's counsel on March 16, 2004, advised him that we did not receive any expert reports in the form required by

Rule 26(a) of the Federal Rules of Civil Procedure and, in accordance with the Fourth Amended Scheduling Order, requested that counsel confirm that the only expert reports submitted were earlier reports of Dr. John O'Brien, a physiatrist, and Dr. Hasbani, a neurologist who had treated Ms. Pridgeon both before June 2000 for another injury and subsequent to plaintiff's return to the United States on June 13, 2000. No response was received to that letter, a copy of which is annexed hereto as Exhibit "F".

9. As plaintiff has not submitted any medical proof which would connect the alleged tainted food that she ate aboard American Airlines Flight No. 121 on June 13, 2000 to her illness, plaintiff has failed to prove that she sustained an "accident" under Article 17 of the Warsaw Convention and the Amended Complaint should be dismissed.

10. To assist the Court in understanding the nature of the illnesses involved in this lawsuit, I am enclosing as Exhibits "G" and "H" hereto website information on Campylobacter infections, as is posted on the Center for Disease Control website, and Guillain-Barre Syndrome, posted by Guillain-Barre Syndrome Foundation International on their website.

_____
Michael J. Holland

Sworn to before me this
5th day of April, 2004

_____
Notary Public

MARY ANN ROONEY
NOTARY PUBLIC, State of New York
No. 31-4672706
Qualified in Queens County
Commission Expires May 31, 2006

4

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                                       ) ss.:
COUNTY OF NEW YORK  )

Mary Ann Rooney, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Queens, New York. That on April 5, 2004, deponent served the within Affidavit upon:

> Timothy L. O'Keefe, Esq.
> Kenny, O'Keefe & Usseglio, P.C.
> 21 Oak Street
> Hartford, Connecticut  06106

the address designated by said attorneys for that purpose by depositing same enclosed in a properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Mary Ann Rooney

Sworn to before me this
5th day of April, 2004

_____
Notary Public

MICHAEL J. HOLLAND
Notary Public, State of New York
No. 41-4501283
Qualified in Nassau County
Commission Expires August 31, 2005