FILED

Apr 15  12 05 PM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LOLITA PRIDGEON,

    Plaintiff,

Docket No.

3:02 CV 1032 GLG

VS.

AMERICAN AIRLINES,

    Defendant.

MEMORANDUM OF LAW IN OPPOSITION TO
MOTION FOR EXTENSION OF TIME

Defendant American Airlines, Inc. respectfully submits this Memorandum of Law in opposition to plaintiff's motion pursuant to Rule 7(b) of the Local Rules of Civil Procedure for a 90 day extension of time to respond to the Motion of American Airlines for summary judgment dismissing the Amended Complaint on the ground that plaintiff cannot prove that she sustained an "accident" within the meaning of Article 17 of the Warsaw Convention.

## SUMMARY OF ARGUMENT

Plaintiff has disregarded the terms of the Fourth Amended Scheduling Order requiring her to produce expert reports as required by Fed.R.Civ.P. 26(a)(2) by February 29, 2004 on the critical issue of demonstrating a connection between the allegedly tainted Chicken Rosemary that plaintiff ate aboard American Airlines Flight No. 121 on June 13, 2000 and the injuries which she developed, including Guillain-Barre Syndrome, following her return to the United States. Plaintiff now seeks an adjournment of 90 days to oppose the defendant's motion for summary judgment, claiming that she needs to depose the defendant's experts who were retained specifically for purposes of this litigation.

Plaintiff's application fails to make the requisite showing as required by Rule 56(f) to oppose a motion for summary judgment. American Airlines' motion for summary judgment should be decided promptly and the Amended Complaint dismissed.

## ARGUMENT

## PLAINTIFF HAS NOT PROPERLY OPPOSED THE
## MOTION FOR SUMMARY JUDGMENT IN THIS CASE

Plaintiff's motion for a 90 day extension of time to oppose American Airlines' motion for summary judgment refers to Rule 7(b) of the Local Rules of Civil Procedures. Plaintiff moves for an order extending the time for 90 days, up until July 26, 2004, to file her "objection" to the defendant's motion for summary judgment. This extension is allegedly necessary to allow plaintiff to get affidavits, deposition testimony and other materials necessary to respond to the defendant's motion for summary judgment, including deposing the defendant's two experts retained for this litigation, Doctors Cahill and Block. *See* plaintiff's Motion for Extension of Time, p.1.

In order for a party to properly oppose a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, affidavits in opposition to the motion are required, or, if such affidavits are unavailable, an affidavit indicating why the motion cannot for reasons stated in the affidavit be opposed at the present time. Rule 56(f) provides as follows:

> When Affidavits Are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the Court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

3

Under Rule 56, a party who seeks the protection of subdivision (f) must state by affidavit the reasons why she is unable to present the necessary opposing material to the Court. While the Rule 56 affidavit need not contain evidentiary facts going to the merits of the case, it does need to be a sworn statement explaining why these facts cannot yet be presented. 10B Wright, Miller & Kane, Federal Practice and Procedure, § 2740, pp. 397-98 (1998).

This Circuit utilizes a four part test to analyze the sufficiency of an affidavit requesting additional time to conduct discovery before a summary judgment determination. *Continental Airlines, Inc. v. Lelakis*, 943 F.Supp. 300, 310 (S.D.N.Y. 1996). The test is:

> The affidavit must include the nature of the uncompleted discovery; how the facts sought are reasonably expected to create a genuine issue of material fact; what efforts the affiant has made to obtain those facts; and why those efforts were unsuccessful.

*Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994).

Plaintiff has not submitted any Rule 56 affidavit, a pre-requisite for a grant of an extension of time to oppose a summary judgment motion. When applying the four part test used by this Circuit, it is clear that plaintiff, even if she had submitted an affidavit, could not meet those requirements. In particular, plaintiff has not and could not make a showing as to how the facts sought could reasonably be expected to create a genuine issue of material fact. This is not a case where the facts necessary to oppose summary judgment are within the exclusive knowledge of the party moving for summary

4

judgment. On the contrary, plaintiff's own medical condition and the pertinent medical records are well known to her. Her own medical records have been in her possession for four years. Her significant other is a Yale affiliated doctor, as are her treating physicians. Her inability to obtain an affidavit from any of those treating doctors, or any other doctor who she may retain as an expert, speaks volumes about the lack of merit in this case. Whatever efforts Ms. Pridgeon has made to obtain the services of an expert witness who would testify in support of this claim have been unavailing as no such expert's reports have been submitted in violation of this Court's Fourth Amended Scheduling Order.

While Rule 56(f) is designed to enable a party to fill material evidentiary gaps in its case in an effort to withstand a summary judgment motion, "it does not permit a plaintiff to engage in a 'fishing expedition'". *Capital Imaging Associates, P.C. v. Mohawk Valley Medical Associates, Inc.*, 725 F.Supp. 669 (N.D.N.Y. 1989), *aff'd*, 996 F.2d 537 (2d Cir.), *cert. denied*, 510 U.S. 947 (1993), citing *Waldron v. Cities Service Co.*, 361 F.2d 671, 673 (2d Cir. 1966), *aff'd sub. nom. First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed. 2d 569, *reh'g denied*, 393 U.S. 901, 89 S.Ct. 63, 21 L.Ed. 2d 188 (1968).

In order to meet the requirements of Rule 56(f), the plaintiff must identify the specific controverted facts which are at the basis of the discovery requests and must also show that such controverted facts would create a genuine issue of material fact sufficient to deny the defendant's summary judgment motion. *Capital Imaging Associates, P.C.*, 725 F.Supp. at 680. In this case, plaintiff has apparently been unable throughout the four

years since the time of her injury to identify any facts which would support her claim that she was injured as a result of the food that she ate aboard the American Airlines flight. It is difficult to see how plaintiff could ever create such a genuine issue of fact when she herself has not been able to muster any doctor to support her claim. After having failed to comply with the Fourth Amended Scheduling Order of this Court, plaintiff seeks to create such a genuine issue of fact by going on a fishing expedition to depose the defendant's medical experts, who have no personal knowledge of the facts of the case but who were retained solely to review the medical records provided by plaintiff.

> The purpose of a Rule 56(f) affidavit is to ensure that the affiant is invoking the protections of Rule 56 in good faith and to afford the trial court the showing necessary to assess the merits of a party's opposition to summary judgment.

11 Moore's Federal Practice 3d, § 56.10[8][c], pp. 56-80.7-8 (Matthew Bender 3d ed.), citing *Mendoza v. City of Rome*, 70 F.Supp. 2d 137, 142 (N.D.N.Y. 1999).

The party opposing summary judgment must conclusively justify his entitlement to the shelter of Rule 56 by presenting specific facts explaining the inability to make a substantive response as required by Rule 56(e) and by specifically demonstrating how postponement of a ruling on the summary judgment motion will enable him to rebut the movant's showing of the absence of a genuine issue of fact. *Nicholson v. John Doe*, 185 F.R.D. 134, 136 (S.D.N.Y. 1999). Since plaintiff has been unable to get a doctor over the last four years to submit an affidavit or report as required by Fed.R.Civ.P. 26(a)(2) in support of her case, her only hope is a "fishing expedition" of the defendant's experts in

the hopes that her conduct of their depositions will somehow to enable her to create a genuine issue of material fact when, based on all of the medical evidence in this case, no such genuine issue of material fact exists. Such discovery should not be permitted.

## CONCLUSION

Plaintiff's application filed pursuant to Local Rule 7(b) for a period of 90 days to oppose defendant's motion for summary judgment should be denied in its entirety. The Court should promptly consider the pending motion for summary judgment, grant it and dismiss the Amended Complaint.

Dated: New York, New York
April 14, 2004

Law Offices of Paul A. Lange

By _____
Alison L. McKay
Bar No. CT 22260
alm@lopal.com
80 Ferry Boulevard
Stratford, Connecticut 06615-6079
(203) 375-7724
(203) 375-9397 (fax)

- and -

CONDON & FORSYTH LLP

By _____
Michael J. Holland
Bar No. CT 22894
mholland@condonlaw.com
685 Third Avenue
New York, New York 10017
(212) 894-6740
(212) 370-4482 (fax)

7

                                          Attorneys for Defendant
                                          AMERICAN AIRLINES, INC.

To:  Timothy L. O'Keefe, Esq.
      Attorneys for Plaintiff
      Kenny, O'Keefe & Usseglio, P.C.
      21 Oak Street
      Hartford, CT  06106
      (860) 246-2700

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK         )
                          ) ss.:
COUNTY OF NEW YORK        )

    Mary Ann Rooney, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Queens, New York. That on April 14, 2004, deponent served by Federal Express, Priority Overnight Delivery the within Memorandum of Law In Opposition to Motion for Extension of Time upon:

    Timothy L. O'Keefe, Esq.
    Kenny, O'Keefe & Usseglio, P.C.
    21 Oak Street
    Hartford, Connecticut  06106

which is the address designated by said attorneys for service of documents.

                       Mary Ann Rooney

Sworn to before me this
14th day of April, 2004
_____
Notary Public

MICHAEL J. HOLLAND
Notary Public, State of New York
No. 41-4501283
Qualified In Nassau County
Commission Expires August 31, 2005