FILED

Apr 15  12 08 PM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


LOLITA PRIDGEON,

       Plaintiff,

VS.

AMERICAN AIRLINES, INC.

       Defendant.

Docket No.

3:02 CV 1032 GLG

**AFFIDAVIT**


STATE OF NEW YORK    )
                   ) ss:
COUNTY OF NEW YORK  )

      Michael J. Holland, being first duly sworn, deposes and says:


      1.     I am a partner of the Firm of Condon & Forsyth LLP, one of the attorneys for defendant American Airlines, Inc. in the above matter.  I have participated actively in the defense of this case since the end of 2002 and I am fully familiar with the facts and circumstances of this case.

      2.     I submit this affidavit and memorandum of law in opposition to the Motion for Extension of Time filed by plaintiff pursuant to Rule 7(b) of the Local Rules seeking a 90 day extension of time to respond to American Airlines' motion for summary judgment dated April 5, 2004.

3.     While I would like to accommodate opposing counsel's request concerning an extension of time, the particular circumstances of this case require American Airlines to oppose the requested 90 day adjournment.

4.     My understanding is that if the matter is adjourned for 90 days, the motion may go to a different District Judge for determination.  This Court has dealt with the matter since its inception in June of 2002 and is familiar with the facts and the law applicable to this case, which is exclusively governed by a treaty of the United States known as the Warsaw Convention.  If plaintiff cannot prove that she sustained an "accident", as that term is defined under Article 17 of the Warsaw Convention, her Amended Complaint must be dismissed.  This Court, in its extensive judicial experience, has had occasion to interpret and consider the provisions of the Warsaw Convention.  That experience will be lost if this motion for summary judgment is not decided by this Court.

5.     Even more fundamentally, an adjournment of the summary judgment motion for 90 days will prejudice American Airlines and will reward plaintiff for her disregard of the Fourth Amended Scheduling Order, entered by this Court on February 25, 2004.

6.     Paragraph 7 of the Fourth Amended Scheduling Order requires as follows:

> Plaintiff intends to call expert witnesses at trial.  Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) by February 29, 2004.  Depositions of any such experts will be completed by May 15, 2004.

2

7.     Plaintiff has never furnished to the defendant any expert reports as required by paragraph 7 of the Fourth Amended Scheduling Order and in the form required by Fed.R.Civ.P. 26(a)(2).  Plaintiff cannot show any facts which would support her claim that she sustained an "accident", as that term is interpreted under Article 17 of the Warsaw Convention.

8.     The extensive medical records submitted by plaintiff concerning her treatment following the incident in June of 2000 make absolutely no reference to the Chicken Rosemary meal served aboard American Airlines Flight No. 121 as being the cause of her illness.  None of the doctors' reports submitted by plaintiff as part of those medical records draw any connection between the Chicken Rosemary meal served by American Airlines to the plaintiff aboard American Airlines Flight No. 121 on June 13, 2000, Campylobacter Jejuni bacteria and Guillain-Barre Syndrome.

9.     As the expert affidavits submitted by defendants Dr. Cahill and Dr. Block in support of American Airlines' motion for summary judgment attest, the usual method to determine the presence of Campylobacter Jejuni bacteria is to test a stool sample which would confirm the presence of the bacteria.  No results of any stool sample are part of the medical records in this case.  In short, plaintiff cannot establish by serological evidence, and has not proffered any expert testimony, that she sustained a bodily injury as a result of an "accident".

3

10.  Plaintiff now wants to take the depositions of Dr. Cahill and Dr. Block, the defendant's experts, in the hopes of finding some genuine issue of fact to prevent the grant of summary judgment in favor of American Airlines.  There has been no showing of what "facts" plaintiff now hopes to discover by deposing defendant's experts when plaintiff has failed to comply with the Court's rules requiring submission of her expert reports.  As the cases cited in the accompanying Memorandum of Law demonstrate, a party is not entitled, in opposing a Rule 56 summary judgment motion, to engage in a "fishing expedition".

11.  The facts have been known to plaintiff for the last four years.  Despite the extensive medical treatment plaintiff has received from colleagues of her significant other, Dr. Sigfried Kra, plaintiff has been unable to produce a report in the form required by Fed.R.Civ.P. 26(a)(2) by any physician which connects the plaintiff's consumption of allegedly contaminated Chicken Rosemary (although no other passenger on any American Airlines' flights for the entire month of June 2000 reported being ill from eating the Chicken Rosemary) to her claimed Campylobacter Jejuni bacteria and her Guillain-Barre Syndrome.

12.  Plaintiff has known since the filing of this case in May of 2002 that she would need an expert to prove an "accident" under the Warsaw Convention, based on a connection between the allegedly contaminated Chicken Rosemary she ate aboard the American Airlines flight and her claimed Campylobacter Jejuni and Guillain-Barre Syndrome.  Despite the passage of two years, she has never found an expert to support her claim and never provided any expert reports as required by Fed.R.Civ.P. 26(a)(2) and paragraph 7 of this Court's Fourth Amended Scheduling Order.  To permit plaintiff to flout

the Fourth Amended Scheduling Order and to drag this case out for another 90 days would prejudice American Airlines and make a mockery of the Federal Rules.

13.    While American Airlines is sympathetic to Ms. Pridgeon, there is simply no serological evidence to connect her injury to any food that she consumed aboard the American Airlines flight. Plaintiff cannot be permitted to obtain a tactical advantage by seeking an adjournment of the pending summary judgment motion to depose doctors retained by American Airlines when she has failed to comply with Fed.R.Civ.P. 26(a)(2) and the Fourth Amended Scheduling Order entered in this case.

14.    Plaintiff's designation of experts was due on February 29, 2004. She failed to make the designation at that time, or at anytime thereafter. Plaintiff's claim that she has now just learned for the first time of the designation of Dr. Cahill and Dr. Block as experts by defendant is undisputed since defendant's designations were not due until after plaintiff had designated her experts. Plaintiff's failure to designate any experts is hardly the basis for her to claim surprise that defendant American Airlines has now retained experts and moved for summary judgment.

15.    Conspicuously absent from the plaintiff's motion for a 90 day extension of time is any affidavit under Fed.R.Civ.P. 56(e) and (f) stating the reasons why opposing evidence to American Airlines' summary judgment motion cannot be submitted at the present time. Courts in this Circuit have held that the presence of such an affidavit is required before the time to oppose a summary judgment motion may be extended. *See* cases cited in the accompanying Memorandum of Law.

WHEREFORE, I respectfully ask that the motion for an adjournment of American Airlines' summary judgment motion for 90 days be denied and that this Court promptly consider and decide the pending motion for summary judgment, to which there cannot be, it is respectfully submitted, any opposition in view of plaintiff's failure to comply with the Fourth Amended Scheduling Order dated February 29, 2004 and plaintiff's failure to designate and submit the report of any expert who can connect the plaintiff's consumption of food aboard American Airlines Flight No. 121 on June 13, 2000 to her injuries.

_____
Michael J. Holland

Sworn to before me this
14th day of April, 2004

_____
Notary Public

MARY ANN ROONEY
NOTARY PUBLIC, State of New York
No. 31-4672706
Qualified in Queens County
Commission Expires May 31, 2006

6

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                         ) ss.:
COUNTY OF NEW YORK  )

        Mary Ann Rooney, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Queens, New York. That on April 14, 2004, deponent served by Federal Express, Priority Overnight Delivery the within Affidavit upon:

> Timothy L. O'Keefe, Esq.
> Kenny, O'Keefe & Usseglio, P.C.
> 21 Oak Street
> Hartford, Connecticut 06106

which is the address designated by said attorneys for service of documents.

Sworn to before me this
14th day of April, 2004

Mary Ann Rooney

Notary Public

MICHAEL J. HOLLAND
Notary Public, State of New York
No. 41-4501283
Qualified In Nassau County
Commission Expires August 31, 2005