United States District Court
District of Connecticut
FILED AT       NEW HAVEN
4/30/04
Kevin F. Rowe
By Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LOLITA PRIDGEON,                                  Docket No.
    Plaintiff,                    3:02 CV 1032 GLG

VS.                                              AFFIDAVIT

AMERICAN AIRLINES, INC.
    Defendant.

STATE OF CONNECTICUT )
                      ) ss.  Hartford, Connecticut
COUNTY OF HARTFORD   )

Timothy L. O'Keefe, being first duly sworn, deposes and says:

1.      I am a partner in the Firm of Kenny, O'Keefe & Usseglio, P.C., attorneys for the plaintiff, Lolita Pridgeon, in the above matter.  I have represented Ms. Pridgeon since the inception of this action and am fully familiar with the facts and circumstances of this case.

2.      Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, I submit this Affidavit in further support of the plaintiff's Motion for Extension of Time dated April 13, 2004.

3.      The plaintiff filed her Motion for Extension of Time seeking an additional ninety days up and including July 26, 2004 within which to respond to the defendant's Motion for Summary Judgment which was filed on April 5, 2004 and received in my office on April 7, 2004. In the experience of this affiant, such extensions of time are commonly granted in this District in

order to allow the party opposing a motion for summary judgment to gather the necessary affidavits, deposition testimony and materials necessary to properly and comprehensively respond. In point of fact, this is the first time that this Affiant has ever had to file an Affidavit in support of a Motion for Extension of Time.

4.      The defendant's Motion for Summary Judgment and supporting Memorandum of Law are quite comprehensive and include numerous attached affidavits, declarations, exhibits and articles downloaded from the Internet.  Included in these materials are affidavits from two consulting physicians, to wit, Dr. Jerome Block and Dr. Kevin Cahill. Drs. Block and Cahill had not been previously disclosed as expert witnesses in this case.  While the disclosure of consulting experts was not a surprise, the identity of the experts was not known until the defendant filed the Motion for Summary Judgment.  Immediately after reviewing the affidavits from these two doctors, I contacted counsel for American Airlines and indicated that I would need to take depositions of these physicians in order to properly respond to the pending Motion for Summary Judgment.  I confirmed this by facsimile correspondence dated April 12, 2004.  See attached as Exhibit A.

5.      In response to the request to take these depositions, counsel for American Airlines has indicated that he will not make these two expert witnesses available for depositions until this Court decides whether or not to grant the defendant's request that it *immediately* decide the

2

pending Motion for Summary Judgment without argument and without allowing the plaintiff ample time to file a proper objection.

6.      It is absolutely necessary for the plaintiff to have an opportunity to take these two depositions in order to properly respond to the pending Motion for Summary Judgment as the opinions that the defendant's consulting doctors offer by Affidavit were disclosed to the plaintiff for the first time when the motion was filed on April 5, 2004. It is entirely conceivable that one or both of these doctors could make an admission during their depositions that could support the notion that a genuine issue of material fact exists related to the issues raised in defendant's motion.   It would be patently unfair to not allow the plaintiff the opportunity to take proper discovery in this instance in order to respond to a motion which, arguably, could result in the extinguishment of her cause of action.

7.      The latest version of the Scheduling Order in this matter indicates that the defendant is to designate all trial experts in this case on or before March 31, 2004. The defendant has yet to make such disclosures. Further, assuming that the Affidavits of Drs. Block and Cahill filed in conjunction with defendant's Motion for Summary Judgment dated April 5, 2004 can be fairly considered to be "disclosures", the Scheduling Order still allows the plaintiff up to and including May 31, 2004 to take the depositions of these experts. It is inconceivable to the plaintiff as to why she should not be able to take the defendant's expert depositions within the time that

3

was originally agreed to by the defendant in the Scheduling Order. This is especially true in light of the fact that the originally agreed to filing deadline for Dispositive Motions in this case is June 30, 2004. It would logically follow that the party in opposition would have ample time following June 30, 2004 within which to file responsive papers.

8.     The defendant has opposed the Motion for Extension of Time claiming essentially, among other things, that an extension of time may result in the Motion for Summary Judgment being decided by a another District Judge. The defendant also seems to assert that this Court, given its "extensive judicial experience" is the only one qualified in this District to decide the defendant's Motion for Summary Judgment as the subject matter of this lawsuit is governed by the Warsaw Convention. Affidavit of Michael Holland dated April 14, 2004, paragraph 4.

9.     While this case may indeed pose complicated issues involving the Warsaw Convention, and while the plaintiff would be just as happy as American Airlines would be to take advantage of this Court's extensive judicial experience, the plaintiff has every confidence that all of the individuals on the Federal Bench in the District of Connecticut are well qualified to hear and decide issues concerning the Warsaw Convention if, in fact, a transfer to another District Judge is necessary.

4

10.    Furthermore, there has been no official indication from this Court that it would not be able to hear the pending Motion for Summary Judgment if the plaintiff is afforded the usual and customary opportunity to prepare a proper responsive objection.

11.    As counsel for the defendant indicated in his Affidavit dated April 5, 2004, the parties held a mediation session in this matter with Magistrate Judge William I. Garfinkel on March 15, 2004. Affidavit of Michael Holland, April 14, 2004. At that time, Magistrate Garfinkel indicated to counsel that this Court might be retiring from the Bench at or near the end of May, 2004. The defendant then waited until April 5, 2004 to file its Motion for Summary Judgment and now requests that the motion be *immediately* ruled upon before this Court retires and before the plaintiff has a fair opportunity to prepare a proper response.

12.    The defendant has asserted in its papers that the plaintiff has not designated trial experts in this matter and has not provided medical witness reports in the form that it would prefer. Affidavit of Michael Holland dated April 16, 2004.

13.    The plaintiff has, in fact, designated three medical witnesses as trial experts in this matter and has provided the defendant with medical reports from all of these witnesses. These witnesses are Dr. Moshe Hasbani, a nuerolgist, Dr. Jonathan Goldstein, a neurologist and Dr. John O'Brien, a physiatrist. All of these experts will testify in support of the plaintiff's claims. See attached as Exhibit B.

14.     The defendant represents that Magistrate Garfinkel made certain suggestions at the mediation regarding issues related to the expert witnesses in this matter.  Affidavit of Michael Holland dated April 5, 2004.

15.     Magistrate Garfinkel also suggested during a joint meeting at the mediation that he felt there was enough medical information in the medical materials submitted to him in advance of the mediation from which he could conclude that a genuine issue of material fact exists as to whether the plaintiff's Guillain-Barre Syndrome was caused by her ingestion of undercooked chicken that was infected with *campylobacter jejuni.*

16.     The defendant has further asserted that the plaintiff has never found an expert to support her claim.  Affidavit of Michael Holland dated April 16, 2004, paragraph 12.

17.     All of the previously disclosed experts support her claim.  See again expert witness disclosures attached.

18.     Furthermore, this affiant has previously advised counsel for the defendant that an additional expert, to wit an infectious disease specialist, was in fact previously retained in this matter by the plaintiff.  That expert was prepared to offer an opinion within a reasonable degree of medical probability that the plaintiff's Guillain-Barre Syndrome was causally related to her ingestion of campylobacter jejuni infected chicken aboard the American Airlines flight.  This fact was also disclosed to the Court during a Status Conference in this matter on September 17, 2002.

This affiant also advised counsel for the defendant that, due to a personal issue, the infectious disease specialist was no longer able to participate in this case.

19.     During mediation, Magistrate Garfinkel suggested to this affiant that the plaintiff should seek the assistance of another infectious disease specialist who will offer an opinion similar to the opinion that the initially retained expert was prepared to offer.  The plaintiff is currently efforting to obtain such an opinion.

20.     The plaintiff has complied with Fed. Rule Civ. Pro. 26(a)(2).  The defendant is attempting to avoid a decision on the merits by claiming it would be prejudiced if the plaintiff has an opportunity to make a full and reasoned response to its Motion for Summary Judgment.

21.     The defendant is claiming that the plaintiff is unable to establish that she suffered an "accident" as that term is understood in relation to the Warsaw Convention and therefore, no extension should be granted and the Motion should be ruled on immediately.

22.     As this court is well aware, there is clear caselaw in this Circuit to support the position that an illness caused by tainted food has been determined to fall within the definition of an "accident" for purposes of the Warsaw Convention. As there is a genuine issue of material fact asserted and demonstrated in the medical records and the plaintiff's sworn deposition testimony as to the cause of her campylobacteritis which, according to the medical literature, developed exactly within the normal incubation period following the service to her of the Chicken Rosemary meal,

the plaintiff should be permitted an extension of time in which to prepare a thorough and reasoned response to the defendant's Motion.

23.    Granting the plaintiff's request for an extension of time will not harm the defendant. It will, however, permit the plaintiff to obtain detailed information not within her custody and control and necessary to make a proper response to the defendant's Motion. Denying the plaintiff's request would effectively deny Ms. Pridgeon the opportunity to have her claim heard and decided on the merits.

WHEREFORE, I respectfully reiterate on behalf of the plaintiff my request for an extension of time of ninety (90) days, to July 26, 2004, within which to respond to the defendant's Motion for Summary Judgment. As set forth above, the plaintiff requires additional time within which to prepare and submit her response, including affidavits and sworn deposition testimony, to oppose the defendant's lengthy motion. The defendant has not, and cannot, demonstrate that it would be unduly prejudiced this reasonable request.

Timothy L. O'Keefe

Sworn to before me this
29th day of April, 2004

Elba Ramos

ELBA I. RAMOS
NOTARY PUBLIC
MY COMMISSION EXPIRES NOV. 30, 2007

8