UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ********************************* | : | |
| LOLITA PRIDGEON | : | |
| Plaintiff | : | DOCKET NO. |
| | : | 3: 02 CV1032 GLG |
| VS. | : | |
| | : | |
| AMERICAN AIRLINES, ET AL. | : | OCTOBER 22 , 2004 |
| | : | |
| Defendants | : | |
| ********************************** | | |

## LOCAL RULE 56(a)2 STATEMENT

**I.      RESPONSE TO PLAINTIFF'S RULE 56(a)1 STATEMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the plaintiff, Lolita Pridgeon, by and through her undersigned attorneys, Kenny, O'Keefe & Usseglio, P.C. hereby responds to the defendant, American Airlines Inc. ("American Airlines"), Rule 56(a)1 Statement of Facts as follows:

1.      Admitted.

2.      Admitted.

3.      Admitted; however, Dr. Kra paid her fare and expenses. See Dr. Kra Affidavit at ¶ 4.

4.	Admitted; however, she does recall that she did not eat any chicken for at least two days prior to the flight home.  See, Lolita Pridgeon Affidavit at ¶ 10.

5.	Admitted.

6.	Admitted.

7.	Admitted.

8.	Admitted. That Ms. Pridgeon was served Chicken Rosemary; Denied that the chicken breast was served heated.  See Ms. Pridgeon Affidavit at ¶ 6.

9.	Admitted, insofar as Ms. Pridgeon is aware.

10.	Admitted, insofar as plaintiff has no information to the contrary.

11.	Admitted, insofar as plaintiff has no information to the contrary.

12.	Admitted, insofar as plaintiff has no information to the contrary.

13.	Admitted, insofar as plaintiff has no information to the contrary.

14.	Admitted, insofar as plaintiff has no information to the contrary.

15.	Admitted, insofar as plaintiff does not claim that Marfo Martinair Foods intentionally purchases substandard chicken.  However, no bacteriological specifications are referenced, nor are Marfo Martinair Foods testing or inspection procedures provided.  No information pertaining to the specific meal served the plaintiff is provided. See de Vries declaration.

16.     Admitted, insofar as the information stated is contained in the de Vries declaration and is a general statement of the process and not a specific description of the meal provided to the plaintiff.  American Airlines has no information concerning the specific meal served to the plaintiff, and the de Vries declaration does not address the specific meal served to Lolita Pridgeon. See deposition of Andrea Pratt, [hereinafter "Pratt depo" p. 24, line 9-25; deposition of Dale Norgard, [hereinafter "Norgard depo"] p. 35, line 24—p. 36, line 3.

17.     Admitted, insofar as the information stated is contained in the de Vries declaration and is a general statement of the process and not a specific description of the meal provided to the plaintiff.  American Airlines has no information concerning the specific meal served to the plaintiff, and the de Vries declaration does not address the specific meal served to Lolita Pridgeon. See Pratt depo, p. 24, line 9-25; Norgard depo, p. 35, line 24—p. 36, line 3.

18.     Admitted, insofar as the information stated is contained in the de Vries declaration and is a general statement of the process and not a specific description of the meal provided to the plaintiff.  American Airlines has no information concerning the specific meal served to the plaintiff, and the de Vries declaration does not address the

specific meal served to Lolita Pridgeon. See Pratt depo, p. 24, line 9-25; Norgard depo, p. 35, line 24—p. 36, line 3.

19.     Admitted, insofar as the information stated is contained in the de Vries declaration and is a general statement of the process and not a specific description of the meal provided to the plaintiff.  American Airlines has no information concerning the specific meal served to the plaintiff, and the de Vries declaration does not address the specific meal served to Lolita Pridgeon. See Pratt depo, p. 24, line 9-25; Norgard depo, p. 35, line 24—p. 36, line 3.

20.     Admitted, insofar as the information stated is contained in the de Vries declaration and is a general statement of the process and not a specific description of the meal provided to the plaintiff.  American Airlines has no information concerning the specific meal served to the plaintiff, and the de Vries declaration does not address the specific meal served to Lolita Pridgeon. See Pratt depo, p. 24, line 9-25; Norgard depo, p. 35, line 24—p. 36, line 3.

21.     Admitted, insofar as the information stated is contained in the de Vries declaration and is a general statement of the process and not a specific description of the meal provided to the plaintiff.  American Airlines has no information concerning the specific meal served to the plaintiff, and the de Vries declaration does not address the

specific meal served to Lolita Pridgeon. See Pratt depo, p. 24, line 9-25; Norgard depo, p. 35, line 24—p. 36, line 3.

22. Admitted, insofar as the information stated is contained in the de Vries declaration and is a general statement of the process and not a specific description of the meal provided to the plaintiff. American Airlines has no information concerning the specific meal served to the plaintiff, and the de Vries declaration does not address the specific meal served to Lolita Pridgeon. See Pratt depo, p. 24, line 9-25; Norgard depo, p. 35, line 24—p. 36, line 3.

23. Admitted, insofar as plaintiff has no information to the contrary.

24. The information may or may not be true; see Pratt depo, p. 18, 1ines 18-20.

25. Admitted, insofar as the information stated is contained in the Faye declaration and appears to be a description of the production process and not a statement based on personal inspection or a specific description of the preparation of the meal served to the plaintiff. There is no evidence to show that the proper specifications were followed regarding the meal served to Lolita Pridgeon. See Pratt depo, p. 24, lines 9-25.

26. Admitted, insofar as the information stated is contained in the Faye declaration and appears to be a description of the production process and not a statement based on personal inspection or a specific description of the preparation of the meal served to the

plaintiff. There is no evidence to show that the proper specifications were followed regarding the meal served to Lolita Pridgeon. See Pratt depo, p. 24, lines 9-25.

27.     Admitted, insofar as the information stated is contained in the Faye declaration and appears to be a description of the production process and not a statement based on personal inspection or a specific description of the preparation of the meal served to the plaintiff. There is no evidence to show that the proper specifications were followed regarding the meal served to Lolita Pridgeon. See Pratt depo, p. 24, lines 9-25.

28.     Admitted, insofar as the meal served to Lolita Pridgeon was individually packaged. The remainder of the statement appears to be a general description of the preparation process and is not a specific description of the preparation of the meal served to the plaintiff. There is no evidence to show that the proper specifications were followed regarding the meal served to Lolita Pridgeon. See Pratt depo, p. 26, lines 9-14.

29.     Admitted.

30.     Admitted.

31.     Admitted.

32.     Admitted.

33.     Admitted.

34.     Admitted.

35.     Admitted, insofar as the only person on the plane that Ms. Pridgeon told about the meal was Dr. Krau.

36.     Admitted.

37.     Admitted.

38.     Admitted; however she does not think she ate any chicken. See Pridgeon depo, p. 40, lines 9-13; see also Mrs. Pridgeon Affidavit at ¶ 10.

39.     Admitted, and consistent with incubation period and symptoms of campylobacter jejuni. See Dr. Golden's affidavit.

40.     Admitted.

41.     Admitted.

42.     Admitted.

43.     Admitted.

44.     Admitted.

45.     Admitted.

46.     Admitted.

47.     Admitted.

48.     Admitted.

49.     Admitted insofar as she fell getting out of bed; she was planning on going to the

kitchen to make coffee.  See Pridgeon depo p. 66.

50. Admitted.

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted.

56. Admitted.

57. Denied; The statement as worded is not accurate in that it implies that stool samples were collected and tested and not found to contain campylobacter jejuni.  No stool samples were collected. See Pridgeon deposition, pg 94.  See also Dr. Golden's affidavit.

58. Admitted.

59. Denied.  See Medical Records, Infectious Disease Consult 6/24/2000, attached to Dr. Golden's affidavit.  See also Dr. Goldstein's report re AMAN form of GBS, caused by campylobacter jejuni.

60. Admitted, insofar as that was Ms. Pridgeon's recollection at the time of her deposition. However, see also Pridgeon depo p. 93-95; see also Dr. Golden's affidavit.

61. Denied. See blood assay results; see Dr. Golden's affidavit; see Infectious Disease Consult, 6/24/2000; see Dr. Goldstein's report re AMAN form of GBS. Also, see Clinical Microbiology article.

62. Admitted.

63. Denied, in that it is well established in medical and scientific literature that as much as 88% of all raw chicken post slaughter is contaminated with campylobacter jejuni bacteria. See USDA Guidance document, January 1999. See also Pridgeon depo p. 34-35, in which she described the chicken as cold and not cooked. American Airlines has not produced evidence disputing Ms. Pridgeon's description, and by deposition testimony, it cannot do so. See Norgard depo, p. 30-31; see Pratt depo p. 25-26.

64. Admitted.

65. Admitted.

66. Admitted.

67. Admitted; she does however continue with home-based exercises taught to her by her physical therapists. See Pridgeon depo p. 79.

68. Admitted.

69. Admitted; however, her illness and subsequent recovery were so severe and prolonged she was unable to do so for almost 14 months. See Pridgeon depo, p. 95.

70.     Admitted.

71.     Admitted.

72.     Admitted, insofar as the information stated is contained in the Norgard affidavit. There is no way of determining whether the information is accurate; Norgard testified that American Airlines has no record of any complaints, but also testified that American Airlines did not do any additional investigation regarding food poisoning complaints. See Norgard depo p.12, 21.

73.     Admitted, insofar as the information stated is contained in the Faye declaration.

**II.     DISPUTED ISSUES OF MATERIAL FACT**

Pursuant to D.Conn.L.Civ.R. 56(a)(2), the plaintiff sets forth the following disputed issues of material fact:

1.      It is more likely than not that the individual portion of undercooked chicken rosemary served to Ms. Lolita Pridgeon on American Airlines Flight 121 from Paris, France to New York City on June 13, 2000, was contaminated with campylobacter jejuni. See USDA Guidance document, January 1999.

2.      As a result of ingesting a portion of the undercooked chicken, Ms. Pridgeon became ill with the established symptoms and within the established incubation period for gastroenteritis caused by campylobacter jejuni. See Dr. Golden's affidavit.

3.    Under the Convention for the Unification of Certain Rules Relating to International Carriage by Air, Signed at Warsaw on 12 October 1929 [hereinafter "Warsaw Convention"] American Airlines is liable for the injuries and damages sustained by Lolita Pridgeon as said injuries and damages were caused by the ingestion on board the aircraft of contaminated chicken.  See Warsaw Convention, Article 17; Dr. Golden's deposition p. ??

4.    Article 17 of the Warsaw Convention states that the carrier is liable for the injuries and damages sustained by a passenger as a result of an "accident" occurring on board the aircraft.  Consumption of a tainted meal that results in harm to the passenger comes within the description of an accident.  See, Halmos v. Pan American World Airways, 727 F. Supp. 122 (S.D.N.Y 1989); Bousso v. Iberia Airlines, 1998 U.S. Dist. LEXIS 3939 (S.D.N.Y. 1998); Rhodes v. American Airlines, 1996 WL 108897 (E.D.N.Y. 1996)

5.    Under the Warsaw Convention, Article 20(1) of the, American Airlines has the burden of proving that it took all necessary measures to avoid the damage suffered by Ms. Pridgeon.  The testimony of American Airlines personnel has established that the airline failed to take all necessary measures.  See Warsaw Convention, Article 20(1);

Vildex v. United Airlines, 1996 U.S. Dist. LEXIS 20297 (S.D.N.Y. December 10, 1996) see Pratt depo p. 25, 26, 29, 30; see Norgard depo p.35-40.

6.  American Airlines has failed to meet its burden of proof under Article 20 of the Warsaw Convention, it cannot claim the damages cap defense set forth in Article 20(a). See Warsaw Convention, Article 20(a); see Pratt depo p. 25, 26, 29, 30; see Norgard depo p.35-40.

7  The injuries and damages sustained by Ms. Pridgeon are well in excess of the damages cap set forth in Article 20(a) of the Warsaw Convention. See Article 20(a); see plaintiff's Medical Bills.

Dated: Hartford, Connecticut
       September   , 2004

                                        PLAINTIFF,
                                        LOLITA PRIDGEON

                                        BY:_____
                                            Timothy L. O'Keefe, Esq.
                                            Kenny, O'Keefe & Usseglio, P.C.
                                            21 Oak Street
                                            Hartford, CT 06106
                                            Telephone No.: (860) 246-2700
                                            Federal Bar No. ct15005